**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **VESPER TECHNOLOGY RESEARCH, LLC**<br><br>    *Plaintiff*,<br><br>v.<br><br>**ATLONA, INC.,**<br><br>    *Defendant*. | Civil Action No._____<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vesper Technology Research, LLC ("Vesper" or "Plaintiff"), by and through its attorneys, brings this action and makes the following allegations of patent infringement relating to U.S. Patent No. 6,611,247 (the "'247 Patent" or "patent-in-suit"). Defendant Atlona, Inc. ("Atlona" or "Defendant") infringes the patent-in-suit in violation of the patent laws of the United States of America, 35 U.S.C. § 1 *et seq*.

### INTRODUCTION

1. Vesper pursues the reasonable royalties owed for Atlona's unauthorized use of patented groundbreaking technology related to the data transfer of a multi-level signal for providing display data to a display panel. Vesper was assigned the rights to these patented technologies by Himax Technologies Limited, a wholly-owned subsidiary of Himax Technologies, Inc. ("Himax").

2. Himax is a pioneering fabless semiconductor company that produces display and imaging processing technologies. Himax is a worldwide market leader in technology used in televisions, laptops, monitors, mobile phones, tablets, digital camera, car navigation, virtual reality devices, and a myriad of other consumer electronic devices.

3. Himax products have been key components of flat panel displays. Its products include display drivers for large-sized TFT-LCD panels used in televisions, desktop monitors

and notebook computers, as well as display drivers for small and medium-sized panels used in mobile handsets and consumer electronics products such as digital cameras, mobile gaming devices, and car navigation displays. In 2006, Himax became a publicly traded company on the NASDAQ Exchange. Himax supplies Google with liquid crystal on silicon displays for Google Glass, and in 2013 Google announced it would take a 6.3% stake in Himax Display, a subsidiary of Himax. Himax is also a major supplier of display technology for leading virtual reality companies such as Oculus, which was purchased by Facebook for $2 billion in 2014.

4. The U.S. Patent and Trademark Office has granted Himax more than 600 patents for Himax's innovative inventions.

## THE PARTIES

5. Vesper Technology Research, LLC ("Vesper") is a Texas limited liability company with its principal place of business located at 903 East 18th Street, Suite 216, Plano, Texas 75074.

6. Upon information and belief, Defendant Atlona Inc. is a California corporation with a principal office located at 70 Daggett Drive, San Jose, CA 95134. On information and belief, Defendant may be served via its registered agent, Ilya Khayn, 744 Pinewood Drive, San Jose, CA 95129.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

8. Upon information and belief, this Court has personal jurisdiction over Atlona in this action because Atlona has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Atlona would not offend traditional notions of fair play and substantial justice. Atlona, directly and/or through subsidiaries or intermediaries (including distributors, retailers,

and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the patent-in-suit. In addition, Defendant Atlona is registered to do business in the State of Texas.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Atlona is registered to do business in Texas, and upon information and belief, has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas.

### U.S. PATENT NO. 6,611,247

10. U.S. Patent No. 6,611,247 (the "'247 patent"), entitled "Data Transfer System and Method For Multi-Level Signal Of Matrix Display," was filed on July 1, 1999. Vesper is the owner by assignment of the '247 patent. A true and correct copy of the '247 patent is attached hereto as Exhibit A. The '247 patent claims specific methods and systems for transferring a multi-level signal for providing a display data to a matrix display panel.

11. The '247 patent has been cited as relevant prior art by the following companies:

- NEC Electronics Corp.
- LG Philips LCD Co., Ltd.
- Intel Corp.
- Samsung Electronics, Co., Ltd.
- Novatek Microelectronics Corp.
- Renesas Technology, Corp.
- LG Display Co., Ltd.

### COUNT 1
### INFRINGEMENT OF U.S. PATENT NO. 6,611,247

12. Vesper references and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

13. Atlona designs, makes, uses, sells, and/or offers for sale in the United States products and/or services for transferring a multi-level signal for providing display data to a matrix display panel.

14. More specifically, Atlona designs, makes, sells, offers to sell, imports, and/or uses products that provide a data transfer system for a multi-level signal for providing display data to a matrix display panel. These products include, by way of example only, the following: Atlona 4K-HDVS-WP-EXT; 4K-HDVS-EXT; AT-HDVS-150-TX-PSK; AT-HDVS-150-TX-WP; AT-HDVS-150-TX-WP-UK; AT-HDVS-200-TX; AT-HDVS-200-TX-PSK; AT-HDVS-200-TX-WP; AT-HDVS-TX; AT-UHD-CLSO-612ED; AT-UHD-CLSO-824; and AT-UHD-SW-52ED, AT-UHD-PRO3-1616M, AT-UHD-PRO3-44M, AT-UHD-PRO3-66M, AT-UHD-PRO3-88M, and AT-UHD-SW-5000ED ("Atlona Switcher Products" or "accused products").

15. On information and belief, the Atlona Switcher Products are specifically designed to and specifically intended to display data received from a data transfer system for a multi-level signal for providing a display data.

16. On information and belief, the Atlona Switcher Products are available to businesses and individuals throughout the United States.

17. On information and belief, the Atlona Switcher Products comprise a data transfer system for a multi-level signal for providing display data to a matrix display panel.

18. On information and belief, the Atlona Switcher Products have a multi-level timing controller for receiving a digital data input and converting it into a multi-level signal display output. For example, on information and belief, these products receive a digital data input such as an HDMI signal and use transmitter chips for video and signaling, controllers and data drivers for transmitting RGB signals, and PAM16 encoding, which converts input data into a multi-level signal display output data.

19. On information and belief, the Atlona Switcher Products have a multi-level signal bus having a plurality of data lines, connected to said multi-level timing controller, for transferring said multi-level signal display data from said multi-level timing controller.

20. On information and belief, the Atlona Switcher Products have a multi-level input data driver connected to said multi-level signal bus, for receiving said multi-level signal display data input and converting it into a data driving signal to be outputted to said matrix display panel.

For example, on information and belief, these products have a receiver used for video and signaling.

21. On information and belief, Atlona has directly infringed and continues to directly infringe the '247 patent by, among other things, making, using, offering for sale, and/or selling the Atlona Switcher Products.

22. By making, using, testing, offering for sale, and/or selling products and services, including but not limited to the Atlona Switcher Products, Atlona has injured Vesper and is liable to Vesper for directly infringing one or more claims of the '247 patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a).

23. On information and belief, Atlona also indirectly infringes the '247 patent by actively inducing infringement under 35 USC § 271(b).

24. On information and belief, Atlona had knowledge of the '247 patent since at least service of this Complaint or shortly thereafter, and on information and belief, Atlona knew of the '247 patent and knew of its infringement, including by way of this lawsuit.

25. On information and belief, Atlona intended to induce patent infringement by third-party customers and users of the Atlona Switcher Products and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement.  Atlona specifically intended and was aware that the normal and customary use of the accused products would infringe the '247 patent.  Atlona performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '247 patent and with the knowledge that the induced acts would constitute infringement.  For example, Atlona provides the Atlona Switcher Products and that have the capability of operating in a manner that infringe one or more of the claims of the '247 patent, including at least claim 1, and Atlona further provides documentation and training materials that cause customers and end users of the accused products to utilize the products in a manner that directly infringe one or more claims of the '247 patent.  By providing instruction and training to customers and end-users on how to use the Atlona Switcher Products in a manner that directly infringes one or more

claims of the '247 patent, including at least claim 1, Atlona specifically intended to induce infringement of the '247 patent. On information and belief, Atlona engaged in such inducement to promote the sales of the accused products, e.g., through Atlona user manuals, product support, marketing materials, and training materials to actively induce the users of the Atlona Switcher Products to infringe the '247 patent.[1] Accordingly, Atlona has induced and continues to induce users of the Atlona Switcher Products to use the accused products in their ordinary and customary way to infringe the '247 patent, knowing that such use constitutes infringement of the '247 patent.

26. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '247 patent.

27. As a result of Atlona's infringement of the '247 patent, Vesper has suffered monetary damages, and seeks recovery in an amount adequate to compensate for Atlona's infringement, but in no event less than a reasonable royalty for the use made of the invention by Atlona together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vesper respectfully requests that this Court enter:

A. A judgment in favor of Plaintiff Vesper that Atlona has infringed, either literally and/or under the doctrine of equivalents, the '247 patent.

B. An award of damages resulting from Atlona's acts of infringement in accordance with 35 U.S.C. § 284;

C. A judgment and order finding that Defendant's infringement was willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or

---

[1] *See, e.g.* http://atlona.com/product/4k-hdvs-ext/; http://atlona.com/product/4k-hdvs-wp-ext/; http://atlona.com/product/at-hdvs-150-tx/; http://atlona.com/product/at-hdvs-150-tx-psk/; http://atlona.com/product/at-hdvs-150-tx-wp/; http://atlona.com/product/at-hdvs-150-tx-wp-uk/; http://atlona.com/product/at-hdvs-200-tx/; http://atlona.com/product/at-hdvs-200-tx-psk/; http://atlona.com/product/at-hdvs-200-tx-wp/; http://atlona.com/product/at-hdvs-tx/; http://atlona.com/product/at-uhd-clso-612ed/; http://atlona.com/product/at-uhd-clso-824/; http://atlona.com/product/at-uhd-sw-52ed/.

>     characteristic of a pirate within the meaning of 35 U.S.C. § 284 and awarding to Plaintiff enhanced damages.
>
> D.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant.
>
> E.  Any and all other relief to which Vesper may show itself to be entitled.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Vesper requests a trial by jury of any issues so triable by right.

Dated: November 7, 2016

Respectfully submitted,

/s/ Eric B. Hanson_____
Elizabeth L. DeRieux (TX Bar No. 05770585)
D. Jeffrey Rambin (TX Bar No. 00791478)
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-845-5770
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
Eric B. Hanson (CA SB No. 254570)
BERGER & HIPSKIND LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 95047
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com
E-mail: ebh@bergerhipskind.com

*Attorneys for Vesper Technology Research, LLC*